**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| STAEL WILLIAMCEAU, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 26-03189-CV-S-BP |
| | ) | |
| TODD LYONS, in his official capacity as | ) | |
| Field Office Director of the Immigration and | ) | |
| Customs Enforcement and Removal Operations | ) | |
| Kansas City Field Office, *et al*. | ) | |
| | ) | |
| Respondents. | ) | |

**<u>ORDER ESTABLISHING BRIEFING SCHEDULE</u>**

On March 31, 2026, Petitioner filed a Petition for Writ of Habeas Corpus. He alleges he is a citizen of Haiti who lawfully entered the country pursuant to the grant of Temporary Protected Status ("TPS") to Haitian nationals. While that TPS program has been rescinded, the rescission itself has been stayed. *See Miot v. Trump*, 2026 WL 266413 (D.D.C. Feb. 2, 2026), *denial of stay affirmed*, 2026 WL 659420 (D.C. Cir. Mar. 6, 2026), *cert. before judgment granted*, 2026 WL 731087 (U.S. Mar. 16, 2026). Nonetheless, Petitioner was arrested by Immigration and Custom Enforcement ("ICE") agents and has been in detained ever since. Allegedly, there is no reason for his detention other than the fact he is from Haiti (and, perhaps, that the Government sought to rescind TPS protections for Haitian national—although, as noted above, that rescission has been stayed). Petitioner now seeks a Writ of Habeas Corpus.

The Court's experiences in cases such as this demonstrates a Petition is a poor vehicle for presenting legal arguments and analysis, which makes it difficult for Respondents to address Petitioner's legal theories. This is particularly so following the Eighth Circuit's recent decision in *Avila v. Bond*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026). Therefore, Petitioner is

directed to file a separate Memorandum of Law that provides a more complete legal analysis than is possible in his Petition. Respondents will be required to respond to the Memorandum of Law, and Petitioner will be afforded an opportunity to file a Traverse.

In discussing the legal issues, the parties are directed to, at a minimum, address the following matters:

1. Whether (and why) Petitioner's detention is lawful under *any* statute (8 U.S.C. § 1225, § 1226, or any other) in light of Congress's directive that "[a]n alien provided temporary protected status . . . shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." 8 U.S.C. § 1254a(d)(4).

2. Assuming Petitioner's detention is lawful, does *Avila* dictate Petitioner is being detained pursuant to 8 U.S.C. § 1225? In this regard, the Court observes that, pursuant to his TPS status, it appears Petitioner was lawfully admitted, suggesting § 1225 does not apply and that § 1226 does.

The Court does not intend to limit the parties' arguments; it only directs that, at a minimum, these issues be addressed.

In the interest of expediency, the Court will not require the parties to confer and propose deadlines for their filings; instead, the Court will set deadlines and express that it will be amenable to requests for extension of time given that it is acting unilaterally. Petitioner shall file his Memorandum of Law within seven days. Respondents shall have seven days after that to respond, and Petitioner shall have seven days thereafter to file a Traverse.

Case 6:26-cv-03189-BP    Document 3    Filed 04/02/26    Page 2 of 3

The Clerk of Court shall deliver a copy of this Order to:

United States Attorney's Office
ATTN: Jeffrey Ray
Charles Evans Whittaker Courthouse
Room 5510
400 E. 9th Street
Kansas City, MO  64106


**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE

**DATE**:  April 2, 2026                                    UNITED STATES DISTRICT COURT

3