# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

STAEL WILLIAMCEAU, )
　 )
　　　　　　　　Petitioner, )
v. ) No. 26-03189-CV-S-BP
　 )
TODD LYONS, in his official capacity as )
Field Office Director of the Immigration and )
Customs Enforcement and Removal Operations )
Kansas City Field Office, *et al*. )
　 )
　　　　　　　　Respondents. )

## ORDER GRANTING RESPONDENTS' MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE

Pending is Petitioner's Petition for Writ of Habeas Corpus. Respondents have filed a Motion to Dismiss, arguing the case is moot because Petitioner is no longer in custody. The Court agrees the case is moot, so the Motion to Dismiss, (Doc. 6), is **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

Petitioner alleges he is a citizen of Haiti who lawfully entered the country pursuant to the grant of Temporary Protected Status ("TPS") to Haitian nationals. While that TPS program has been rescinded, the rescission itself has been stayed. *See Miot v. Trump*, 2026 WL 266413 (D.D.C. Feb. 2, 2026), *denial of stay affirmed*, 2026 WL 659420 (D.C. Cir. Mar. 6, 2026), *cert. before judgment granted*, 2026 WL 731087 (U.S. Mar. 16, 2026).[1] Nonetheless, Petitioner was arrested by Immigration and Custom Enforcement ("ICE") agents and detained; thereafter, he filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he sought either (1) his immediate release or (2) a bond hearing. (Doc. 1, p. 10; *see also* Doc. 5, p. 8.)

---

[1] The Supreme Court heard oral argument in *Miot* (and a companion case) on April 29, 2026.

The Court directed the parties to brief the issues.  (Doc. 3.)  Instead, on April 13, 2026, Respondents filed a Motion to Dismiss, arguing the case is moot because Petitioner was released from custody on April 6, 2026.  Petitioner does not dispute that he was released; nonetheless, he opposes dismissal, and the Court resolves the parties' arguments below.

## II.  DISCUSSION

Respondents' mootness argument implicates this court's jurisdiction.  "Under Article III of the Constitution, we may adjudicate only actual, ongoing cases or controversies.  When the issues presented in a case are no longer live, the case is moot and is therefore no longer a 'Case' or 'Controversy' for purposes of Article III."  *LaBatte v. Gangle*, 161 F.4th 1109, 1115 (8th Cir. 2025) (quotation omitted).

> A case becomes moot—and therefore no longer a "Case" or "Controversy" for purposes of Article III—when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.  No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.

*Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quotations omitted; cleaned up).  A case is no longer "live" when post-filing events prevent the Court from granting relief that affects the parties' rights.  *E.g.*, *Campbell-Ewald v. Gomez*, 577 U.S. 153, 160-61 (2016) (describing mootness as applying when an "intervening circumstance . . . during litigation" makes it "impossible for a court to grant any effectual relief whatever to the prevailing party" (quotations omitted)); *see also DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974).  Here, the Court cannot effectively grant the relief Petitioner requested.  He has been released, so an Order requiring that he be (1) released or (2) granted a bond hearing would not affect the parties' rights.[2]

---

[2] This case is unlike one in which a person convicted of a crime seeks habeas relief.  In that circumstance, relief can still be granted to challenge the conviction's validity.  *E.g.*, *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989).

Petitioner opposes dismissal by invoking the exception for disputes that, though moot, are capable of repetition while evading review.[3] Specifically, he requests an Order prohibiting Respondents from detaining him again so long as the TPS program remains in effect (including while its termination is stayed).[4] Setting aside the fact that this relief has already been granted in *Miot*, and setting aside whether this relief is available under § 2241, the Court does not agree that this exception to mootness applies. A moot case may proceed if "(1) the challenged action is in its duration *too short to be fully litigated* prior to cessation or expiration, and (2) there is a reasonable expectation that *the same complaining party* will be subject to the same action again." *Abdurrahman v. Dayton*, 903 F.3d 813, 817 (8th Cir. 2018) (quotation omitted; emphasis supplied). Detentions of aliens are not necessarily of such short duration that courts cannot consider whether habeas relief should be granted; the Court takes judicial notice of the many Orders (including some issued by the undersigned) granting some form of relief in this situation. As for the exception's second prong, Petitioner identifies no reasonable basis for believing Respondents will again violate the injunction imposed in *Miot* and attempt to detain *him* specifically. Because neither of the requirements are met, the exception for issues that are capable of repetition and evading review does not apply in this case, and Petitioner's release renders his request for habeas relief moot.

---

[3] This exception is different from the one that applies when a defendant voluntarily ceases the challenged conduct—which Petitioner does not invoke. Even so, it is doubtful that the exception for voluntary cessation applies here. *See Tuan Anh Dang v. Sessions*, 2017 WL 4534828, at *3 (D. Minn. Sep. 21, 2017).

[4] He also noted that his paperwork and other effects had not been returned to him when he was released, and contended the case was not moot because the Court could order Respondents to return his property. However, Petitioner's property has now been returned to him.

3

### III. CONCLUSION

The Motion to Dismiss, (Doc. 6), is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
**DATE**:  June 12, 2026      UNITED STATES DISTRICT COURT